(Decided July 6th, 1865.)

GOTFRIED BOWER *vs.* VIET HOFFMAN.

CERTIFICATE OF DEPOSIT, DEMAND OF PAYMENT OF: AGENCY, AGENT.— Where a party to whom a certificate of deposit was made payable on demand, failed to demand payment thereof until the fifteenth day after his acknowledgment of its receipt, and the same was lost in consequence of the failure in the mean time of the bankers issuing the same,—it being proved that demand could, at any time between the issuing the certificate and the demand of payment, have been made by mail in two days,—it was HELD:

1st. That the payee of the certificate of deposit did not use due and reasonable diligence in demanding its payment.

2nd. That although the money was deposited and the certificate issued without the previous authority or knowledge of the payee, yet, upon his acknowledgment of its receipt, and making use of it for his own purposes, he made the bankers issuing the certificate his agents, to hold the fund subject to his order.

APPEAL from the Court of Common Pleas of Baltimore city.

This was an action by the appellant against the appellee, "for money payable by the defendant to the plaintiff for goods bargained and sold by the plaintiff to the defendants," with the other usual money counts. The defendant pleaded: 1st. "That he never was indebted as alleged." 2nd. "That before this action, he satisfied and discharged the plaintiff by payment."

At the trial of the cause, the following agreed statement of facts was submitted to the jury:

"1st. That on the 1st day of June 1860, the plaintiff resided in Cincinnati, Ohio, and still continues to reside there, and that the defendant, for the same period, has resided in the city of Baltimore.

"2nd. That on the 16th day of October 1860, the defendant, being indebted to the plaintiff for goods sold and delivered, in the sum of $206.31, he, the defendant, deposited in the banking house of Josiah Lee & Co., the sum of $206.31, and took the following paper or certificate of deposit:

'Josiah Lee & Co., Bankers, No. 4,651.

'Baltimore, Oct. 16, 1860,—Received on deposit, from V. Hoffman, Esq., two hundred and six 31-100 dollars, payable on demand to the order of Gottfried Bower, Esq., endorsed hereon. $206.31. Maryland. Josiah Lee & Co.

'Lee & Co., Baltimore.—Time bills, promissory notes, checks, bank notes and coin. Also bank and other stocks bought and sold on best terms. Having an extensive correspondence throughout the United States, and funds laying in the principal cities, we can send proceeds of remittances by return mail, and will remit for collection on day of maturity.'

(Endorsed)—'Pay Mess. Harrington & Bogue, or order.'

And on the day of its date sent it by mail to the plaintiff, and the plaintiff received it on the 18th day of October 1860, and on that day wrote to said defendant, acknowledging the receipt of said certificate of deposit.

"3rd. That the said paper was duly negotiated by the plaintiff, and in its circulation passed through the hands of four several parties before demand for payment was made.

"4th. That Josiah Lee & Co. failed on the 30th day of October 1860, and said plaintiff did not, in fact, send said certificate of deposit to Baltimore for presentation until after said Josiah Lee & Co. had so failed, and said certificate was not, in fact, presented for payment until the 2nd day of November 1860.

"5th. That on the 2nd day of November 1860, the holders of said paper, Harrington and Bogue, of Baltimore, demanded payment of the drawers thereof, and on that day the same was duly protested for non-payment, and notice thereof duly given to the parties therein, and to the defendant.

"6th. That at the time of the making of said paper, and from then until the 30th of October 1860, Josiah Lee & Co. were bankers, doing business in the city of Baltimore, and carrying on their business in the usual manner, and had not failed, stopped or ceased to pay their debts or liabilities in the usual course of their business.

"7th. That from the 16th of October 1860, until the 3rd of November 1860, by the usual course of mail, the transmission of a letter from Cincinnati to Baltimore, required only two days.

"8th. That the said paper or certificate of deposit was sent by the defendant, and received by the plaintiff, to be applied in payment for the indebtedness aforesaid."

The defendant then offered a prayer, which, after reciting all the facts in the case, asked for an instruction that the plaintiff did not use due and reasonable diligence, and is not entitled to recover, which instruction was granted by the Court, (MARSHALL, J.)

The Court then, of its own motion, instructed the jury that there was evidence from which they might find that the plaintiff adopted the payment to Josiah Lee & Co. as payment to himself, and if they do so find, the verdict must be for the defendant.

To the granting of these instructions the plaintiff excepted, and the verdict and judgment being for the defendant, appealed to this Court. ·

The cause was argued before Bowie, C. J., and Bartol, Goldsborough, Cochran and Weisel, J.

*P. McLaughlin,* for the appellant:

The first question which presents itself for consideration in this case is this: What is the effect of the acceptance by the plaintiff of the certificate of deposit, and will the law presume, in the absence of proof, that it merged the antecedent debt? This cannot now be considered an open question. *Swinyard vs. Bowes,* 5 *M. & S.,* 62. *Burdick vs. Green,* 15 *Johns.,* 247. *Tobey vs. Barber,* 5 *Johns.,* 68. *Johnson vs. Weed,* 9 *Johns.,* 310. *Glenn vs. Smith,* 2 *G. & J.,* 493. *Berry vs. Griffin,* 10 *Md. Rep.,* 27, 30.

The next point presented by the record is: Did the appellant, after the receipt of the certificate of deposit, by his *laches* make the certificate his own, so as to satisfy the antecedent debt. .

As to when demand of payment should be made in the case of notes payable on demand, or negotiated after maturity, and as to when bills payable at sight, or a certain number of days after sight, should be presented for acceptance, is a question which has caused much discussion, and we suppose a close examination of the decisions on this subject will lead to these conclusions:

1st. These instruments are not governed, in this regard, by the rule that applies to notes and bills payable a certain number of days after date. There is no fixed principle by which to determine the exact time for making demand of

payment of a note payable on demand, or of a note negotiated after maturity, or for making presentment of a bill payable on sight, or a certain number of days after sight; the only rule on this subject is that demand of payment in the case of a note, and presentation for acceptance in case of a bill, should be made in a reasonable time, and that what is a reasonable time must depend on the circumstances of the case. *Muilman vs. D'Eguino*, 2 *H. Bl.*, 565, is the leading case on this point, and has been followed by all the subsequent cases on the subject, both in England and in these States. We have found no case in which it has been overruled or even doubted. See, also, *Goupy vs. Hadden*, 7 *Taunt.*, 159. *Fry vs. Hill, Id.*, 395. *Mellish vs. Rawdon*, 9 *Bing.*, 416. *Sylvester vs. Crapo*, 15 *Pick.*, 92, 94. *Banks vs. Colwell*, 3 *T. R.*, 81. *Barrough vs. White*, 6 *Dow. & Ry.*, 379. *Mullick vs. Radakissen*, 28 *Eng. L. & E. Rep.*, 86. *Martin vs. Winslow*, 2 *Mason*, 241. *Wallace vs. Agry*, 4 *Id.*, 336; and same case in 5 *Id.*, 118. *Aymar vs. Beers*, 7 *Cow.*, 705. *Robinson vs. Allen*, 20 *Johns.*, 146. *Lockwood vs. Crawford*, 18 *Conn.*, 361. *Thruston vs. McKown*, 6 *Mass.*, 428. *Field vs. Nickerson*, 13 *Mass.*, 131. *Van Hoesen vs. Van Alstyne*, 3 *Wend.*, 75. *Seaver vs. Lincoln*, 21 *Pick.*, 267. *Rice vs. Wessen*, 11 *Met.*, (*Mass.*,) 400. *Mudd vs. Harper*, 1 *Md. Rep.*, 110. *Fell's Point Savings Inst. vs. Weedon*, 18 *Md. Rep.*, 320.

2nd. If the above authorities are to be considered law by this Court, the judgment in this case must be reversed, because if the prayer of the defendant is law, which forms the ground of the first exception, the payee of a note payable on demand, has no right to negotiate it, though it be *made payable to order*.

The Court volunteered an instruction which rests the case on the ground that there is evidence in the case from which the jury may find that the plaintiff adopted the deposit as his own, without regard as to whether he used due diligence in making the demand. We submit there is no such evidence in the case.

*Edward O. Hinkley* and *John J. Morris*, for the appellee : ·

The appellee will contend, that there was no error in either construction given by the Court; and that, in any event, as the plaintiff cannot recover upon the facts admitted in evidence, no *procedendo* can be ordered.

1st. Certificates of deposit, possess all the requisites of negotiable promissory notes, and the law applicable to such instruments is the same, as to bills of exchange, promissory notes, and checks. *Parsons on Notes and Bills, Vol.* 1, 26. *Edwards on Bills and Notes,* 348. *Bank of Orleans vs. Merrill,* 2 *Hill,* 295. *Carey vs, McDougal,* 7 *Ga.,* 84. *Kilgore vs. Bulkley,* 14 *Conn.,* 362. *Bank of Peru, vs. Farnsworth,* 18 *Ill.,* 563. *Laughlin vs. Marshall,* 19 *Ill.,* 390. *Miller vs. Austen,* 13 *How.,* 218.

2nd. When the facts are ascertained or admitted, the questions of due diligence, laches, &c., are questions of law, to be decided by the Court.

If the facts are disputed, the jury must ascertain the facts, and the Court then decides whether such facts constitute due diligence. *Chitty on Bills,* 379. *Ed.* 1842. *Edwards on Bills and Notes,* 391. *Patton & Jones vs. Wilmot,* 1 *H. & J.,* 477. *Bell vs. Hagerstown Bank,* 7 *Gill,* 233. *Sasscer vs. Farmers Bank,* 4 *Md. Rep.,* 409. *Ewalt & Myers vs. Harden,* 16 *Md. Rep.,* 170. *Bennett vs. Young,* 18 *Penn.,* (6 *Harris,*) 261. *Davis vs. Herrick,* 6 *Ohio,* 55. *Johnson vs. Lewis,* 1 *Dana,* 182. *Van Hossen vs. Van Alstyne,* 3 *Wend.,* 75. *Bank of Columbia, vs. Lawrence,* 1 *Peters,* 578.

3rd. The circumstances of each case determine the question of due diligence. Promissory notes, checks, bills of exchange, and certificates of deposit, payable on demand, must be presented for payment by the holder, within a reasonable time after they are issued, and due diligence must be used.

There was not due and reasonable diligence used by the plaintiff in this cause, in presenting the certificate of de-

posit, received by him from the defendant. It was retained fifteen days after its receipt in Cincinnati, when two days only, were required to send a letter to Baltimore, from that city. The laches of the plaintiff in this case, releases the defendant from all liability. *Chitty on Bills*, 380, 382, 386. *Byles on Bills*, 164, 165—15. *Bayley on Bills*, 220. *Story on Promissory Notes*, sec. 207, note 1. *Vantrot vs. McCulloch*, 2 *Hilton*, (*N. Y. C. P.*,) 272. *Smith vs. Janes*, 20 *Wend.*, 192. *Mohawk Bank vs. Broderick*, 10 *Wend.*, 304. Same case, 13 *Wend.*, 133. *Camidge vs. Allenby*, 6 *D. & C.*, 373. Same case, 9 *D. & R.*, 391.

The usual rule seems to be, that such instruments as are above mentioned, should be presented, at furthest, on the next day after their receipt, when payable in the same place where the payee lives; but if payable elsewhere, then they should be sent by the next post after their receipt, and should be presented for payment not later than the day after their arrival in the place of payment.

And this rule, allowing a party to hold such instruments until next day, to present it for payment, will not enable a succession of persons to keep such instruments long in circulation, so as to retain the liability of all parties, in case the same should be ultimately dishonored by the maker of a note or drawee of a check, or certificate of deposit. *Chitty on Bills*, 386. *Byles on Bills*, 15. *Story on Promissory Notes*, 208, 496.

4th. The evidence authorized the Court to grant the second instruction, because the retention of the certificate so long by the plaintiff, is an adoption of the payment to the banker, and a release of the debtor and depositor, thereby making the banker the agent of plaintiff, to hold the deposit. *Statute of 3 & 4, Anne, ch. 9, sec. 7. Camidge vs. Allenby*, 6 *B. & C.*, 373; and, 9 *D. & R.*, 391.

As the plaintiff is not entitled to recover upon the facts admitted in evidence, for want of due diligence, no *procedendo* will be ordered, even if the instruction is erroneous. *Mudd vs. Harper*, 1 *Md. Rep.*, 115. *Ewalt & Myers vs.*

---

Bower *vs.* Hoffman.

---

*Harding,* 16 *Md. Rep.,* 170. *Ellis vs. Jamison,* 7 *Maine,* (*Shepley,*) 235.

GOLDSBOROUGH, J., delivered the opinion of this Court:

This case was submitted to the Court and jury upon the admitted statement of facts set out in the record. At the trial, the defendant offered a prayer, which, after reciting all the facts in the case, asked the Court's instruction, that the plaintiff did not use due and reasonable diligence in demanding payment of the certificate of deposit, and was not entitled to recover; which instruction the Court gave, and the plaintiff excepted. The Court then, of its own motion, instructed the jury that there was evidence, from which they might find that the plaintiff adopted the payment to Josiah Lee & Co., as payment to himself, and if they did so find, the verdict must be for the defendant. To this instruction the plaintiff also excepted.

We think the appellee's prayer was properly granted. It appears from the evidence, that it required but two days to transmit a communication from Cincinnati to Baltimore; and the appellant not having made demand of payment of the certificate of deposit until the fifteenth day after his acknowledgment of its receipt, he did not use due and reasonable diligence. We are also of opinion, that the instruction given by the Court was correct.

Though the money deposited by the appellee was not deposited by the authority of the appellant, or with his previous knowledge, yet upon his acknowledgment of the receipt of the certificate, he sanctioned the deposit as a payment to himself, especially as he made use of the certificate for his own purposes, and thus made Josiah Lee & Co., his agents, to hold the fund, subject to his order. The appellant thus assuming control of the fund, it must be regarded as a payment of the debt due to him by the appellee.

*Judgment affirmed.*